RECEIVED
OCT 29 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

PAULA M OVERBY

    Plaintiff,

v.

STEVE SIMON, in his official capacity
as Minnesota Secretary of State, and
TIMOTHY WALZ, in his official capacity
as Governor of Minnesota,

    Defendant.

Case No. 20-cv-2250 MJD/ECW
(To be assigned by Clerk of District Court)

DEMAND FOR JURY TRIAL
YES ___   NO _X_

## COMPLAINT

PARTIES

1. List your name, address and telephone number. Do the same for any additional plaintiffs.

   a. Plaintiff

   | | |
   |---|---|
   | Name | Paula Mirare Overby |
   | Street Address | 836 Cliff Road |
   | County, City | Dakota. Eagan |
   | State & Zip Code | MN 55123 |
   | Telephone Number | 651-410-0911 |

2. List all defendants. You should state the full name of the defendant, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant may be served. Make sure that the defendant(s) listed below are

SCANNED
OCT 29 2020
U.S. DISTRICT COURT ST. P...

identical to those contained in the above caption.

a. Defendant No. 1

    Name    Steve Simon, as Minnesota Secretary of State

    Street Address    Secretary of State's Office

    100 Rev. Dr. Martin Luther King Jr. Blvd.

    County, City    Ramsey, St Paul

    State & Zip Code    MN 55155

b. Defendant No. 2

    Name    Timothy Walz as Govenor

    Street Address    Office of Governor Tim Walz & Lt. Governor Peggy Flanagan

    130 State Capitol

    75 Rev Dr. Martin Luther King Jr. Blvd.

    County, City    Ramsy, St Paul

    State & Zip Code    MN 55155

c. Defendant No. 3

    Name    _____

    Street Address    _____

    County, City    _____

    State & Zip Code    _____

**NOTE: IF THERE ARE ADDITIONAL PLAINTIFFS OR DEFENDANTS, PLEASE PROVIDE THEIR NAMES AND ADDRESSES ON A SEPARATE SHEET OF PAPER.**
**Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to correspond to the appropriate numbered paragraph above (e.g., Additional Defendants 2.d., 2.e., etc.)**

JURISDICTION

Federal courts are courts of limited jurisdiction. Generally, two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount of damages is more than $75,000 is a diversity of citizenship case.

3. What is the basis for federal court jurisdiction? *(check all that apply)*

   ☒ Federal Question        ☐ Diversity of Citizenship

4. If the basis for jurisdiction is Federal Question, which Federal Constitutional, statutory or treaty right is at issue? List all that apply.

   28 U.S.C. §§ 2201, 2202; 2 U.S.C. § 7; Const. Amend. I and XIV, 42 U.S.C. § 1983

5. If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party? Each Plaintiff must be diverse from each Defendant for diversity jurisdiction.

   Plaintiff Name:                          State of Citizenship:

   Defendant No. 1:                         State of Citizenship:

   Defendant No. 2:                         State of Citizenship:

   **Attach additional sheets of paper as necessary and label this information as paragraph 5.**
   **Check here if additional sheets of paper are attached.**

6. What is the basis for venue in the District of Minnesota? *(check all that apply)*

   ✓ G **Defendant(s) reside in Minnesota**  ✓ G **Facts alleged below primarily occurred in Minnesota**
   G Other: explain


STATEMENT OF THE CLAIM

Describe in the space provided below the basic facts of your claim. The description of facts should include a specific explanation of how, where, and when each of the defendants named in the caption violated the law, and how you were harmed. Each paragraph must be numbered separately, beginning with number 7. Please write each single set of circumstances in a

3

separately numbered paragraph.

7. Minn. Stat. § 204B.13 requires that a special election be held in February if a major party candidate dies within 79 days of the November election. At issues is whether or not state law conflicts with federal law.

8. The Legal Marijuana Now party duly appointed a new candidate, Plaintiff Paula Overby, to replace Adam Weeks the deceased candidate for a special election for U.S. House in CD2 to be held in February according to provisions of Minnesota state law Minn. Stat. § 204B.13 (the "Postponement Provisions"). Steve Simon and the secretary of states office have not registered her candidacy or place her name on the ballot for the Nov 3 election. Governor Timoty Walz has not issued a writ for a special election according to Minnesota state law

9. As a candidate duly and lawfully selected by the Legal Marijuana Party, plaintiff Paula Overby has a right and a responsibility to represent their interests. Plaintiff Paula Overby has been denied the right and the privildge to actively assert the interests of the party.

10. As a representative of the party, plaintiff Paula Overby is also personally harmed. Paula Overby will not appear on the ballot for a Nov 3 election. Plaintiff Paula Overby is further harmed by being denied the ability to campaign and represent the interests of voters who support the party. According to Minnesota Minn. Stat. § 204B.09 Subd. voters who would choose to write-in my name as a viable representative of the party would not have their votes counted. This is a serious violation of voting rights.

**Attach additional sheets of paper as necessary.**
**Check here if additional sheets of paper are attached:** ☐
**Please label the attached sheets of paper to as Additional Facts and continue to number the paragraphs consecutively.**

REQUEST FOR RELIEF

4

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking.

a) **Provide expedited injuctive relief.**

b) Requiring the Secretary of state to register the candidacy of Paula Overby, dully and lawfully appointed by the Legal Marijuana Party.

c) Requiring the Governor to issue a writ calling for a special election to be conducted on the second Tuesday in February of 2021 as defined in Minn. Stat. § 204B.13

d) Enjoining Defendant from certifying any election results for U.S. House of Representatives in Minnesota's second congressional district until such time as the consitutionalify of Minnesota's Postponement Provisions are determined by the federal courts

e) Issue a declaration upholding Minnesota's Postponement Provisions as consitently aligned with federal statute

Date:   10/29/2020

Signature of Plaintiff  *Paula M Overby*

Mailing Address    835 Cliff Road
                   Eagan, MN 55123

Telephone Number   651-410-0911
Email              paula.overby@comcast.net

Note:  All plaintiffs named in the caption of the complaint must date and sign the complaint and provide his/her mailing address and telephone number. Attach additional sheets of paper as necessary.

5

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RECEIVED
OCT 29 2020
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

PAULA M OVERBY

        Plaintiff,

v.

STEVE SIMON, in his official capacity
as Minnesota Secretary of State, and
TIMOTHY WALZ, in his official capacity
as Governor of Minnesota,

        Defendant.

Civil No. _____
20-CV-2250 MJD/ECW

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF

**Plaintiff requests expedited handling of the motion.**

## NATURE OF THE ACTION

1. This case involves a provision in Minnesota state law that calls for a special election for public office in Minnesota if a major political party candidate nominated to run in a coming election dies after the 79th day before the election.Minn. Stat. § 204B.13 (the "Postponement Provisions" or "Provisions"). fThe Legal Marijuana Now partty (LMNP) candidate passed away on September 24th, invoking this special provision, requiring the secretary of state to register a new candidate for the LMNP and the Govenor to issue a writ calling for a spcial election.

SCANNED
OCT 29 2020
U.S. DISTRICT COURT ST. PAUL

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343 because it arises under the Constitution and laws of the United States

and involves a federal election.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to Plaintiffs' claims will occur here and because the Defendant resides in this District.

4. This Court has authority to enter a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

5. The LMNP appointed a new candidate, Paula Overby, to replace Adam Weeks the deceased candidate according to laws of the state of Minnesota but her name has not been placed on the ballot for the Nov 3 general election. That was the process in place in Minnesota prior to the passage of Minn. Stat. § 204B.13 (the "Postponement Provisions") which allows for a more orderly process.
There as been no write to schedule a special election.

6. As a candidate duly and lawfully selected by the Legal Marijuana Party plaintiff Paula Overby has a right and a responsibility to represent their interests. It is insufficient to suggest that people who support the party goals can do so by voting for Adam weeks. Voters deserve a candidate that can actively campaign and assert the interests of the party.

7. As representative of the party, plaintiff Paula Overby also has individual standing because plaintiff is personally harmed. Paula Overby will not appear on the ballot for a Nov 3 election. Plaintiff Paula Overby is further harmed by being denied the ability to campaign and represent the interests of the party and the voters who support the party. According to

Minnesota Minn. Stat. § 204B.09 Subd. voters who would choose to write-in my name as a viable representative of the party would not have their votes counted.

> Minn. Stat. § 204B.09 Subd. 3 (a) A candidate for county, state, or federal office who wants write-in votes for the candidate to be counted must file a written request with the filing office for the office sought not more than 84 days before the primary and no later than the seventh day before the general election. The filing officer shall provide copies of the form to make the request. No written request shall be accepted later than 5:00 pm. on the last day for filing a written request.

## STATEMENT OF FACTS

8. Angie Craig file a motion UNITED STATES DISTRICT COURT DISTRICT OF MINNESOTA, attempting to define the provision as unconsitutional, Case No. 20-cv-2066.

9. The Postponement Provisions are constitutional as applied to federal elections for the U.S. House of Representatives. The constitution gives states the power to prescribe "[t]he Times, Places and Manner of holding Elections for Senators and Representatives," While the constitution also allows that, "the Congress may at any time by Law make or alter such Regulations, except as to the Place of choosing Senators." U.S. const., art. 1, § 4. Federal law 2 U.S.C. § 7, specifies the time of the election for U.S. House of representatives shall be in November of even numbered years but the constitution is not specific about the appropriate action when the time of the election conflicts with the manner of the election. Given the importance of democratic process, fair elections, and equal protection under the law, it is

reasonable that the manner of the election specified by state law would have higher priority than the time of the election specified by federal law indicating a lack of any conflict between the federal law and the state law. The federal law is a general case and the state law is a specific case that deals with rare and unusual circumstances.

10. Voting is a ritical right of citizens but it is imperative to balance the potential inconvenience or uncertainty that might be caused by a special election with the potential harm that many voters will not have their vote counted at all. Confusion around voting is already extreme because of the pandemic, and the announcement by the Secretary of State that votes for the CD2 US House election would not be counted. The Angie Craig motion has compounded that confustion. There is indeed a compelling interest for a special election as required by the Anderson-Burdick balancing test, Burdick v. Takushi, 504 U.S. 428, 434 (1992)

11. Plaintiff Paula Overby contends that Minn. Stat. § 204B.13 is consistent with, and does not conflict with, federal law. Federal law 2 U.S.C. § 7 defines the general case for federal elections under normal conditions but the context of the 2020 general election in Minnesota is anything but normal. The pandemic is clearly an exigent circumstance which itself has created a great deal of confusion about voting and concerns about if an individuals vote will be counted.

12. The state law, Minn. Stat. § 204B.13 defines the individual case and the Manner of holding Elections that ensures a democratic process, fair elections, equal protection under the law and the right of citizens to choose representation according to the will of the people.

13. Public Citizen, Inc. v. Miller, 813 F. Supp. 821 (N.D. Ga. 1993), finds "[A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and

4

honest and if some sort of order, rather than chaos is to accompany the democratic processes."); Minnesota does not have plurality law. As such Minn. Stat. § 204B.13 is consistent with a majority vote statute in defining the Manner of holding elections. It cannot be construed "A carefully crafted law that, by its sole design, invents a `failure to elect'. It is in this context a reasonable remedy where other potential remedies are exclude by the `exigent' circumstance

14. The court should also consider carefully the precedence of minimizing the death of a small party candidate. United States Court of Appeals For the Eighth Circuit Case No. 20-3126 finds that the Legal Marijuana Now Party gained major party status on the laws of Minnesota with 5.3% of the vote. 5.3% is not an insignificant number. 6% of the population is black, 4% is Asian, 2% is indigenous. The court is applying a predictive analysis. The appointed candidate of the Legal Marijuana Party, Paula Overby, was a candidate in 2016 for the U.S. House of Representatives in Minnesota Congressional District 2. She received nearly 8% of the vote as an minor party candidate. It's unreasonable to suggest that she could not gain a majority vote as a major party candidate in a special election.

15. It is not the responsibility of the court to decide the outcome of the election but to balance the impact of scheduling the election against the manner of holding the election. It is unreasonable to assert that in the Manner of an election only the incumbent candidate has protection under the law and the constitution of the United States. As such the issue of "vacancy" and failure to elect is not at issue in this case. Applying a general rule as to the date of the election to restrict the manner of the election is without precedent.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs ask this Court to enter judgment in their favor and provide

the following relief:

a) A declaration upholding Minnesota's Postponement Provisions as consitently aligned with federal statute

b) Enjoining Defendant from certifying any election results for U.S. House of Representatives in Minnesota's second congressional district until such time as the consitutionalify of Minnesota's Postponement Provisions are determined by the federal courts

c) A declaration that Minnesota may hold a special election as prescribed in Minn. Stat. § 204B.13

c) Requiring the Governor to issue a writ calling for a special election to be conducted on the second Tuesday in February of 2021 as defined in Minn. Stat. § 204B.13

d) Requiring the Secretary of state to register the candidacy of Paula Overby, dully and lawfully appointed by the Legal Marijuana Party.

e) Awarding Plaintiffs their costs, disbursements, and reasonable attorneys' fees incurred in bringing this action pursuant to any and all applicable laws; and

f) Granting such other and further relief as the Court deems just and proper.

Dated: October 28, 2020

Paula Overby, Pro se
835 Cliff Road
Eagan, MN 55123
651-410-0911
651-214-1603
Paula.overby@comcast.net

*Paula M Overby*
10/29/2020