UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paula M. Overby, | Case No. 20-cv-2250 (WMW/TNL) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO INTERVENE** |
| Steve Simon, *in his official capacity as Minnesota Secretary of State*, and Timothy Walz, *in his official capacity as Governor of Minnesota*, | |
| Defendants, | |
| and | |
| Angela Craig and Jenny Winslow Davies, | |
| Movants/Intervenor Defendants. | |

Before the Court is Movants/Intervenor Defendants Angela Craig and Jenny Winslow Davies's motion to intervene. (Dkt. 19.) For the reasons addressed below, Craig and Davies's motion to intervene is granted.

## BACKGROUND

Early voting in Minnesota began on September 18, 2020. Craig, the current United States Representative for Minnesota's Second Congressional District, is running for re-election. Davies, a voter in Minnesota's Second Congressional District, has cast her ballot for the upcoming November 2020 general election.

On September 21, 2020, the Legal Marijuana Now Party's (LMNP) candidate for Minnesota's Second Congressional District, Adam Weeks, died unexpectedly.

According to Minnesota Statutes Section 204B.13 (Minnesota Nominee Vacancy Statute), if a "major political party" candidate[1] nominated to run in an upcoming election dies after the 79th day before the general election, the election date for that race is postponed and votes cast in the general election for that office must not be certified. Minn. Stat. § 204B.13, subdiv. 2(c). The Minnesota Nominee Vacancy Statute also requires the Governor of Minnesota to issue a writ calling for a special election to fill the seat for which the nominee vacancy occurred. Minn. Stat. § 204B.13, subdiv. 7. That special election shall be conducted on the second Tuesday in February of the year following the year the vacancy in nomination occurred. *Id.*

One week after the death of Weeks, Craig and Davies commenced a lawsuit challenging the Minnesota Nominee Vacancy Statute as both preempted by federal law and unconstitutional. This Court issued a preliminary injunction on October 9, 2020, concluding that Craig and Davies are likely to succeed on the merits of their claim that the Minnesota Nominee Vacancy Statute is preempted by federal law. *See Craig v. Simon*, No. 20-cv-2066 (WMW/TNL), 2020 WL 5988497, at *6–7 (D. Minn. Oct. 9, 2020). Both the United States Court of Appeals for the Eighth Circuit as well as this Court denied motions to stay that injunction on the grounds that the Minnesota Nominee Vacancy Statute likely is preempted by federal law. *See Craig v. Simon*, No. 20-3126, 2020 WL 6253445, at ¶4–5 (8th Cir. Oct. 23, 2020). Four days later, on October 27,

---

[1] It is undisputed that the LMNP is a "major political party," as defined by Minnesota Statutes Section 200.02, subdivision 7.

2020, the Supreme Court of the United States denied an emergency application to stay this Court's preliminary injunction. *Kistner v. Craig*, No. U.S. 20A73 (Oct. 27, 2020).

Plaintiff Paula M. Overby asserts that she replaced Weeks after his death as the LMNP candidate for Minnesota's Second Congressional District. Overby filed this lawsuit on October 29, 2020, seeking declaratory and injunctive relief in the form of (1) a declaration upholding the Minnesota Nominee Vacancy Statute as consistent with federal law, (2) an injunction that enjoins Defendants from certifying election results for the United States House of Representatives in Minnesota's Second Congressional District until the constitutionality of the Minnesota Nominee Vacancy Statute is determined by the federal courts, (3) a declaration that Minnesota may hold a special election pursuant to the Minnesota Nominee Vacancy Statute, (4) an order requiring the Governor of the State of Minnesota to issue a writ calling for a special election for Minnesota's Second Congressional District Representative to be held in February 2021, and (5) an order directing Minnesota's Secretary of State to register Overby's candidacy.

On October 31, 2020, Angie Craig and Jenny Winslow Davies (collectively, the Intervenor Defendants) moved to intervene in this pending case.

## ANALYSIS

Federal Rule of Civil Procedure 24 governs motions to intervene and provides two avenues for intervention—intervention of right under Rule 24(a), Fed. R. Civ. P., and permissive intervention under Rule 24(b), Fed. R. Civ. P. The Intervenor Defendants seek to intervene as of right and, alternatively, seek permissive intervention. Fed. R. Civ.

P. 24(a), (b). No party opposes the Intervenor Defendants' motion to intervene. The Court, nonetheless, considers the motion under the applicable legal standards.

## I.   Standing

As a threshold matter, "Article III standing is a prerequisite for intervention in a federal lawsuit." *Curry v. Regents of Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999) (internal quotation marks omitted); *see also Mausolf v. Babbitt*, 85 F.3d 1295, 1299–1300 (8th Cir. 1996). Article III of the United States Constitution limits federal jurisdiction to actual cases or controversies. U.S. Const., art. III, § 2, cl. 1; *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Hargis v. Access Capital Funding, LLC*, 674 F.3d 783, 790 (8th Cir. 2012). The standing inquiry requires the litigant to (1) have suffered an injury in fact, (2) establish a causal connection between the injury and the challenged action, and (3) show that the injury would be redressed by a favorable decision. *See Lujan*, 504 U.S. at 560–61; *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir. 2007).

### A.   Injury in Fact

An alleged injury must be "concrete, particularized, and either actual or imminent." *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 834 (8th Cir. 2009) (internal quotation marks omitted). "The law recognizes economic, non-economic, and indirect economic injuries, for standing purposes." *Animal Prot. Inst. v. Merriam*, 242 F.R.D. 524, 527 (D. Minn. 2006). A prospective intervening defendant may establish an imminent injury sufficient for the purpose of standing by demonstrating that, if granted, the relief sought by the plaintiff would threaten the prospective intervenor's

interests. *See South Dakota v. Ubbelohde*, 330 F.3d 1014, 1025 (8th Cir. 2003) (concluding that "[s]uccess by [the plaintiff] in the whole litigation would impair the proposed intervenors' interests," and reversing the district court's denials of the motions to intervene).

Intervenor Defendants argue that, if granted, the relief that Overby seeks (1) would harm Intervenor Defendants' interests in having the election proceed on the date set by Congress under 2 U.S.C. § 7, which this year is on November 3, 2020, and (2) would harm Intervenor Defendants' interests in ensuring that Minnesota's Second Congressional District has continuous representation in the United States House of Representatives. Intervenor Defendants' arguments are well founded. If Overby secures the relief she seeks, that relief would threaten Intervenor Defendants' alleged interests. *See id.* Moreover, as alleged, this injury is concrete, particularized, and imminent, because it personally impacts Intervenor Defendants' interests with respect to the impending election. Intervenor Defendants, therefore, have established an injury in fact.

### B.     Causation

A proposed intervenor satisfies the traceability requirement if the defendant would be compelled to cause the alleged injury to the intervenor if the plaintiff prevails. *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Acad.*, 643 F.3d 1088, 1093 (8th Cir. 2011). Here, if the Court were to conclude that its October 9, 2020 injunction in *Craig*, should be lifted, Minnesota's Secretary of State would be compelled to enforce the Minnesota Nominee Vacancy Statute, and the Intervenor Defendants would suffer the

5

injuries they allege. Accordingly, Intervenor Defendants satisfy the causation requirement of standing.

### C. Redressability

An alleged injury that includes the enforcement of certain policies may be redressable by a judicial determination that the challenged policies are permitted. *Id.* If this Court determines that the Court's October 9, 2020 order granting the preliminary injunction should remain in place, Intervenor Defendants will not suffer the injuries they allege. As such, Intervenor Defendants satisfy the redressability element of standing.

In summary, because the Intervenor Defendants have demonstrated an injury in fact, causation, and redressability, they have met their burden of establishing that they have Article III standing. *See Lujan*, 504 U.S. at 560–61; *accord Mineta*, 495 F.3d at 569.

## II. Intervention as of Right

The merits of Intervenor Defendants' motion to intervene under Federal Rule of Civil Procedure 24 may be considered because Intervenor Defendants, as proposed intervenors, have established that they have Article III standing. *See Curry*, 167 F.3d at 422. A court must permit intervention as of right to a proposed intervenor who "(1) files a timely motion to intervene; (2) claims an interest relating to the property or transaction that is the subject of the action; (3) is situated so that disposing of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) is not adequately represented by the existing parties." *Nat'l Parks Conservation Ass'n v. U. S. Env't Prot. Agency*, 759 F.3d 969, 975 (8th Cir. 2014) (internal quotation marks omitted).

When assessing whether a motion to intervene is timely, a district court considers "(1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties." *Tarek ibn Ziyad Acad.*, 643 F.3d at 1094.  Here, Intervenor Defendants filed their motion to intervene two days after Overby filed the complaint.  The litigation was at an early stage when the Intervenor Defendants moved to intervene.  Moreover, the two days that elapsed between the filing of the complaint and Intervenor Defendants' motion to intervene do not constitute a delay.  If granted, Intervenor Defendants' intervention in this action is, unquestionably, timely.

As a candidate for Representative of Minnesota's Second Congressional District, Craig claims an interest relating to the subject matter of this litigation.  Davies claims an interest relating to the subject matter of this litigation because she has already cast a vote in the 2020 race for Minnesota's Second Congressional District.  The relief sought by the pending motion for a preliminary injunction asks this Court, in essence, to lift the preliminary injunction issued on October 9, 2020, which held, in part, that the election for Minnesota's Second Congressional District will be held, consistent with federal law, 2 U.S.C. § 7, on November 3, 2020.  *See Craig*, 2020 WL 5988497.  As a nominee in the 2020 election for Minnesota's Second Congressional District, Craig has an interest in the subject matter and the outcome of this litigation.  And, as a voter who has cast a ballot in the election for Minnesota's Second Congressional District Representative, Davies has an interest in the subject matter and outcome of this litigation.

The Court's decision in this matter could impair or impede the Intervenor Defendants' ability to protect the interests that they claim in ensuring that the election occurs on the date set by federal law. *See* 2 U.S.C. § 7. Given the few days between the commencement of this case and the November general election, expedited resolution of these questions presented must occur as the questions at issue will be moot in fewer than 24 hours. Intervenor Defendants have a limited window of time in which to protect the interest they claim in having the election occur on the date set by federal law. And Intervenor Defendants' ability to protect that interest would be impaired if they are not permitted to intervene.

Finally, as a candidate for Minnesota's Second Congressional District, Craig holds interests in this litigation that may be separate and distinct from the interests of Minnesota's Secretary of State and Minnesota's Governor. And as a voter in Minnesota's Second Congressional District, Davies also holds interests in this litigation that may be separate and distinct from the interests of Minnesota's Secretary of State and Minnesota's Governor. In light of these circumstances, without Intervenor Defendants' intervention, their interests are not adequately represented by the existing defendants.

In summary, because the Intervenor Defendants' intervention as party defendants in this matter is proper as an intervention of right under Rule 24(a)(2), Fed. R. Civ. P., the Court grants the Intervenor Defendants' motion to intervene as party defendants.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that Movants/Intervenor Defendants Angela Craig and Jenny Winslow Davies's joint motion to intervene, (Dkt. 19), is **GRANTED**.

Dated:  November 2, 2020                                   s/Wilhelmina M. Wright
                                                                                             Wilhelmina M. Wright
                                                                                             United States District Judge