UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Paula M. Overby,

    Plaintiff,

v.

Steve Simon, *in his official capacity as Minnesota Secretary of State*, and Timothy Walz, *in his official capacity as Governor of Minnesota*,

    Defendants.

Case No. 20-cv-2250 (WMW/TNL)

**ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

---

  Before the Court is Plaintiff Paula M. Overby's motion for a preliminary injunction.[1] (Dkt. 29.) For the reasons addressed below, Overby's motion is denied.

  Overby is the Legal Marijuana Now Party's (LMNP) candidate for Minnesota's Second Congressional District. Overby asserts that she replaced Adam Weeks as LMNP's candidate for Minnesota's Second Congressional District after Weeks's death on September 21, 2020. Overby seeks (1) a declaration upholding Minnesota Statutes Section 204B.13 (Minnesota Nominee Vacancy Statute) as consistent with federal statute,

---

[1]  Overby did not file a separate motion for declaratory and injunctive relief. But Overby's complaint, filed on October 29, 2020, includes a document labeled "Complaint for Declaratory and Injunctive Relief" and in this document Overby "requests expedited handling of the motion." Because Overby is proceeding *pro se* in this action, her pleadings are construed liberally. *See* Fed. R. Civ. P. 8(a)(2), (f); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, the Court construed the "Complaint for Declaratory and Injunctive Relief" attached to Overby's civil complaint as a motion for expedited preliminary injunctive relief. On October 30, 2020, the Court ordered Overby to serve Defendants with a summons, a copy of the complaint, and this Court's October 30, 2020 Order. Overby failed to do so. Despite Overby's failure to comply with the Court's October 30, 2020 Order, Defendants timely filed a response.

(2) an injunction that enjoins Defendants from certifying election results for the United States House of Representatives in Minnesota's Second Congressional District until the constitutionality of the Minnesota Nominee Vacancy Statute is determined by federal courts, (3) a declaration that Minnesota may hold a special election as prescribed under the Minnesota Nominee Vacancy Statute, and (4) an order requiring the Governor of the State of Minnesota to issue a writ calling for a special election to be held in February 2021 for Minnesota's Second Congressional District.  The relief that Overby seeks is inconsistent with this Court's conclusions in *Craig v. Simon*, No. 20-cv-2066 (WMW/TNL), 2020 WL 5988497 (D. Minn. Oct. 9, 2020).  Both the United States Court of Appeals for the Eighth Circuit and this Court denied motions to stay the injunction in that case, on the grounds that the Minnesota Nominee Vacancy Statute likely is preempted by federal law.  *See Craig v. Simon*, No. 20-3126, 2020 WL 6253445, at *4–5 (8th Cir. Oct. 23, 2020).  And on October 27, 2020, the Supreme Court of the United States denied an emergency application to stay this Court's preliminary injunction. *Kistner v. Craig*, No. 20A73 (Oct. 27, 2020).  Now, for the reasons addressed in this Court's October 9, 2020 Order in *Craig*, Overby's motion for emergency injunctive relief as to the Minnesota Nominee Vacancy Statute is denied.

Overby also seeks injunctive relief in the form of an order requiring Minnesota's Secretary of State to register Overby's candidacy.  A district court considers four factors to determine whether preliminary injunctive relief is warranted: (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the state of balance between the harm to the movant and the injury that granting an

injunction will inflict on other parties to the litigation and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). The purpose of a preliminary injunction is to maintain the status quo. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). The burden rests with the moving party, Overby, to establish that injunctive relief should be granted. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). And this Court is mindful that preliminary injunctive relief is an extraordinary remedy that is never awarded as of right. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Regarding the preliminary injunction she seeks, Overby fails to address any of the *Dataphase* factors or to provide any legal basis in support of a conclusion that such relief is warranted. In light of these deficiencies, Overby fails to meet her legal burden to obtain injunctive relief. Consequently, the Court denies Overby's request that this Court order Minnesota's Secretary of State to register Overby's candidacy.

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff Paula M. Overby's motion for a preliminary injunction, (Dkt. 29), is **DENIED**.

Dated:  November 2, 2020                              s/Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                      United States District Judge