UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Paula M. Overby,<br><br>      Plaintiff,<br><br>vs.<br><br>Steve Simon, in his official capacity as the Minnesota Secretary of State, and Timothy Walz, in his official capacity as Governor of Minnesota,<br><br>      Defendants. | Civil No. 20-CV-2250 (WMW/TNL)<br><br>**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

Plaintiff Paula Overby asserts that the November 2020 election in Minnesota's Second Congressional District should be set aside and rescheduled for February pursuant to state law. Her claims are contrary to directly applicable precedent from this Court and from the Eighth Circuit Court of Appeals. The Court should therefore dismiss the lawsuit.

## FACTS

The Legal Marijuana Now Party ("the LMNP") is a major party under Minnesota law. *See* Minn. Stat. § 200.02, subd. 7 (2020) (providing criteria for major-party status); https://www.sos.state.mn.us/elections-voting/how-elections-work/political-parties/ (listing current major parties in Minnesota). In September 2020, the LMNP candidate for Minnesota's Second Congressional District, Adam Weeks, unexpectedly died. *Craig v. Simon*, ___ F.Supp.3d. ___, No. 20-CV-2066, 2020 WL 5988497, at *1 (D. Minn. Oct. 9, 2020). Under state election law, this created a vacancy in nomination in the Second District race. *See* Minn. Stat. § 204B.13, subd. 2(c) (2020). The Secretary therefore issued a public statement that, pursuant to the vacancy statute, the votes cast in the

Second District race would not be counted, and a special election would be scheduled in February 2021. *Craig*, 2020 WL 5988497, at *1.

Section 204B.13 further provides that the party whose nomination has been vacated may nominate a new candidate to run in the February special election. Minn. Stat. § 204B.13, subd. 2(a). Plaintiff alleges that, pursuant to this provision, the LMNP nominated her to run in the Second District special election. (Compl. ¶ 8, Dkt. #1.)

On October 9, in an action brought by the incumbent Democratic candidate for the Second District seat and one of her supporters, this Court enjoined the Secretary from enforcing section 204B.13 as to the Second District election. *Craig*, 2020 WL 5988497, at *1. The Republican candidate in the race—who intervened in the lawsuit—appealed and moved the Eighth Circuit to stay the injunction. *Craig v. Simon*, ___ F.3d ___, 2020 WL 6253445, at *1 (8th Cir. Oct. 23, 2020). The appeals court denied the motion, holding that the intervenor-appellant was not likely to prevail on the merits of his appeal because section 204B.13, as applied to the 2020 Second District election, is likely preempted by federal law. *Id.* at *4. The U.S. Supreme Court denied an emergency application to stay the injunction. *Kistner v. Craig*, No. 20-3126 (U.S. Oct. 27, 2020) (Gorsuch, J., Circuit Justice). This Court's injunction therefore remains in place, and the election for this congressional race was conducted on November 3.

Meanwhile, on October 29, Plaintiff filed the instant lawsuit against Secretary of State Steve Simon and Governor Tim Walz, in their official capacities, seeking to have the Second Congressional District election postponed until February under Minn. Stat. § 204B.13. (Compl. at 5 ¶ (c).) The Court construed one of her filings to seek a

2

preliminary injunction reversing the Court's October 9 injunction. (Order, Dkt. #5.) The Court denied the motion on November 2. (Order, Dkt. #30.)

According to the current unofficial count,[1] Minnesota voters cast more than 423,000 votes in the November 3 Second District election. *See* https://electionresults.sos.state.mn.us/Results/Index?ersElectionId=136&scenario=USRepresentative&districtId=557. Incumbent U.S. Rep. Angie Craig received the most votes in the election. *Id.* The late Mr. Weeks, who was listed on the ballot as the LMNP nominee, received 24,693 votes. *Id.* This constituted approximately 5.8% of the total vote in the district. *See id*.

On November 10, Plaintiff filed a motion to intervene in the Eighth Circuit appeal of this Court's decision in *Craig*. The appeals court has not ruled on the motion.

## ARGUMENT

Plaintiff's claims are contrary to directly applicable precedent from both this Court and the Eighth Circuit. As a result, the lawsuit should be dismissed.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts as true all factual allegations in the complaint. *Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2002). It need not, however, accept as true conclusory allegations or legal conclusions drawn by the pleader. *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). The court must grant a motion to dismiss

---

[1] The official vote totals for Minnesota's November general election will be available after the State Canvassing Board canvasses the results on November 24. *See* Minn. Stat. § 204C.33, subd. 3 (2020).

when the complaint does not allege enough facts to state a claim to relief that is plausible on its face rather than merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In addition, Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Nietzke v. Williams*, 409 U.S. 319, 326 (1989). Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

Plaintiff seeks injunctive relief (1) requiring the Secretary to register her as the LMNP candidate in the Second Congressional District election, (2) requiring the Governor to issue a writ scheduling a special election in the Second District in February, and (3) barring Defendants from certifying the results of the Second District's November election. (Compl. at 5.) She contends that Minn. Stat. § 204B.13 requires a February election and grants her the right to run in it as the LMNP nominee. (*Id.* ¶¶ 7-9.)

Plaintiff's claims fail for the reasons that the Eighth Circuit and this Court explained in their rulings in *Craig*. Both courts held that, as applied to the 2020 Second District election, Minn. Stat. § 204B.13 is precluded by 2 U.S.C. § 7, the federal statute that requires congressional elections to be held on the Tuesday after the first Monday in November in every even-numbered year. *Craig*, 2020 WL 6253445, at *4; *Craig*, 2020 WL 5988497, at *6-7. This conclusion applies in the current case as well, and as a result Plaintiff cannot state a claim for which relief can be granted.

Moreover, in issuing the October 9 injunction, this Court noted, though it did not reach, the plaintiffs' claim that failing to count the votes cast in a November election would "unconstitutionally burden the rights of voters who have, or otherwise would, cast

4

their ballots in the general election." *Craig*, 2020 WL 5988497, at *7. Whatever the viability of this argument as of October 9, events since then have vastly increased the magnitude of the harm to Minnesota voters' rights that invalidating the election would inflict. On October 9, comparatively few votes had been cast, and the Secretary had notified Second District voters (as required by the state statute) that their votes in the congressional election would not be counted. *Id.* at *1. By now, however, Second District residents have cast more than 423,000 votes—the vast majority of them after, and in reliance on, the rulings of this Court and of the Eighth Circuit that those votes *would* be counted. Thus, even if it were constitutional to apply section 204B.13 weeks before the election, it would clearly be unconstitutional to apply it weeks after. *See, e.g., Andino v. Middleton*, No. 20A55, 2020 WL 5887393, at *1 (U.S. Oct. 5, 2020) (directing that votes cast in reliance on prior court order be counted). Plaintiffs' claims therefore fail.

Finally, Defendants note that Plaintiff can properly acquire legal review of her contentions regarding section 204B.13 and the Second District election within the Eighth Circuit's review of this Court's order in *Craig*. Plaintiff has now moved to intervene in that appeal. If and when proceedings in the *Craig* case resume in this Court, Plaintiff can seek to intervene there as well. As a result, there is no need for this superfluous parallel litigation.

## CONCLUSION

For these reasons, Plaintiff's claims are contrary to the direct holdings of this Court and the Eighth Circuit in *Craig*. Indeed, the completion of the November election, which included hundreds of thousands of votes that were cast in reliance on federal court

5

orders, substantially weakens any contention that Minn. Stat. § 204B.13 can constitutionally be applied to the 2020 Second Congressional District election. Plaintiff's suit should therefore be dismissed.

Dated: November 19, 2020

Respectfully submitted,

KEITH ELLISON
Attorney General
State of Minnesota

s/ **Nathan J. Hartshorn**
NATHAN J. HARTSHORN
Assistant Attorney General
Atty. Reg. No. 0320602

445 Minnesota Street, Suite 1400
St. Paul, Minnesota 55101-2131
(651) 757-1252 (Voice)
(651) 297-1235 (Fax)
nathan.hartshorn@ag.state.mn.us

ATTORNEY FOR DEFENDANTS

|#4844005