UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Paula M. Overby, | Case No. 20-cv-2250 (WMW/TNL) |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| Steve Simon, *in his official capacity as Minnesota Secretary of State*, and Timothy Walz, *in his official capacity as Governor of Minnesota*, | |
| Defendants. | |

---

This matter is before the Court on Defendants' motion to dismiss. (Dkt. 41.) For the reasons addressed below, Defendants' motion is granted.

## BACKGROUND

Defendant Steve Simon is Minnesota's Secretary of State. Defendant Timothy Walz is the Governor of Minnesota. Plaintiff Paula M. Overby alleges that she replaced Adam Weeks as the Legal Marijuana Now Party's (LMNP) candidate for Minnesota's Second Congressional District after Weeks's death on September 21, 2020. Overby seeks both injunctive and declaratory relief. The Court denied Overby's motion for emergency injunctive relief because Overby sought relief that was inconsistent with the Court's conclusions in *Craig v. Simon*, 493 F. Supp. 3d 773 (D. Minn. 2020), *aff'd*, 980 F.3d 614 (8th Cir. 2020). Defendants move to dismiss Overby's complaint for failure to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must allege sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Factual allegations that raise only a speculative right to relief are insufficient. *Twombly*, 550 U.S. at 555. A district court accepts as true all of the plaintiff's factual allegations and views them in the light most favorable to the plaintiff. *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). But a court does not accept as true legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555. And mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" fail to state a claim for relief. *Id.* Defendants argue that Overby's complaint should be dismissed because this case is moot and Overby's claims are contrary to binding precedent. These arguments are addressed in turn.

**I.   Mootness**

Defendants argue that this case is moot because the United States House of Representatives seated Representative Angela Craig and, therefore, this Court lacks jurisdiction to grant Overby the relief she seeks.[1]

---

[1]   Defendants did not move to dismiss Overby's complaint based on mootness. Instead Defendants raised this argument for the first time in their reply brief. Courts typically do not address arguments raised for the first time in a reply brief. But mootness implicates this Court's subject-matter jurisdiction, which is a threshold requirement in every federal lawsuit. *See Charleston Hous. Auth. v. U.S. Dep't of Agric.*, 419 F.3d 729,

The jurisdiction of federal courts extends only to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1; *accord Neighborhood Transp. Network, Inc. v. Pena*, 42 F.3d 1169, 1172 (8th Cir. 1994). "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." *Amalgamated Ass'n of St., Elec. Ry. & Motor Coach Emps. of Am., Div. 998 v. Wis. Emp. Rels. Bd.*, 340 U.S. 416, 418 (1951) (internal quotation marks omitted). Accordingly, "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Off. Eng. v. Ariz.*, 520 U.S. 43, 67 (1997) (internal quotation marks omitted). A case becomes moot "when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).

Here, following the November 2020 general election, the United States House of Representatives seated Representative Craig. In her amended complaint, Overby seeks injunctive relief in the form of an injunction requiring the Governor to issue a writ calling for a special election and an injunction requiring the secretary of state to register Overby's candidacy. Overby also seeks declaratory relief in the form of a declaration that Minnesota may hold a special election. And Overby seeks an award of costs, disbursements, and attorneys' fees. The Court is aware of no legal authority that would permit the Court to grant Overby the injunctive relief she seeks after the United States House of Representatives has seated Representative Craig, and Overby cites none. *See*

---

739 (8th Cir. 2005). Therefore, the Court will address Defendants' jurisdictional arguments.

3

*Morgan v. United States*, 801 F.2d 445, 450 (D.C. Cir. 1986) (observing that each house of Congress retains "exclusive authority . . . to decide whether to seat its members" (citing *Roudebush v. Hartke*, 405 U.S. 15, 19 (1972))); U.S. Const. art. I, § 5, cl. 1. However, because the Court could grant Overby the declaratory relief she seeks, if merited, her case is not moot. *See Chafin*, 568 U.S. at 177 (observing that "even the availability of a partial remedy is sufficient to prevent a case from being moot" (internal quotation marks and brackets omitted)).

Therefore, Defendants' motion to dismiss Overby's complaint on the basis that this case is moot is denied.

## II.    Failure to State a Claim

Defendants argue that the relief Overby seeks is contrary to the Eighth Circuit's holding in *Craig v. Simon*, 980 F.3d 614 (8th Cir. 2020) and, therefore, Overby fails to state a claim on which relief can be granted. Overby contends that her lawsuit is "fundamentally different" from *Craig v. Simon*.[2]

Elections for members of the United States House of Representatives shall be held on the Tuesday after the first Monday in November in every even-numbered year. 2 U.S.C. § 7. Notwithstanding federal law, Overby argues that the manner of the election specified by state law has a "higher priority" than the date of an election as specified by federal law.

---

[2]     As addressed above, because Overby's requests for injunctive relief are moot, only Overby's requests for a declaration that Minnesota may hold a special election and an award of costs, disbursements, and attorneys' fees are at issue.

"A fundamental principle of the Constitution is that Congress has the power to preempt state law." *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 372 (2000). Of relevance here, "state law is naturally preempted to the extent of any conflict with a federal statute." *Id.* As such, a state law is preempted if "it is impossible for a private party to comply with both state and federal law" or if the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.* at 372–73 (internal quotation marks omitted). For example, regulations pertaining to federal elections that are "made by Congress are paramount to those made by the State legislature; and if they conflict therewith, the latter, so far as the conflict extends, ceases to be operative." *Foster v. Love*, 522 U.S. 67, 69 (1997) (internal quotation marks omitted). Accordingly, Overby's argument that state law has a "higher priority" than federal law lacks merit.

Article I of the United States Constitution provides: "The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of [choosing] Senators." U.S. Const. art. I, § 4, cl. 1 (the Elections Clause). "[I]t is well settled that the Elections Clause grants Congress the power to override state regulations by establishing uniform rules for federal elections, binding on the States." *Foster*, 522 U.S. at 69 (internal quotation marks omitted). As such, although the legislature of each state may prescribe the time, place, and manner of holding elections for the United States House of Representatives, the United States

Congress is authorized to alter those state laws through federal legislation. The United States Congress has done precisely that in 2 U.S.C. § 7, which provides:

> The Tuesday next after the 1st Monday in November, in every even numbered year, is established as the day for the election, in each of the States and Territories of the United States, of Representatives and Delegates to the Congress commencing on the 3d day of January next thereafter.

Under the Minnesota Nominee Vacancy Statute, if a major political party candidate nominated to run in an upcoming election dies after the 79th day before the general election, the county and state canvassing boards are prohibited from certifying the vote totals from the general election for that office. Minn. Stat. § 204B.13, subdiv. 2(c). The office must be filled at a special election instead. *Id.* The special election is to be held on the second Tuesday in February of the year following the year the vacancy in nomination occurred. Minn. Stat. § 204B.13, subdiv. 7. As such, the Minnesota Nominee Vacancy Statute is *inconsistent* with the congressionally mandated general election date established in Title 2, United States Code, Section 7. The fundamental principles of preemption mandate that, when there is a conflict, federal law—not state law—prevails. *Crosby*, 530 U.S. at 372.

Overby argues that federal courts have recognized the validity of run-off elections. In doing so, she implies that this recognition warrants the conclusion that the Minnesota Nominee Vacancy Statute also is valid. In support of this argument, Overby observes that the State of Georgia scheduled a federal senatorial run-off election in January 2021.

6

In *Craig v. Simon*, this Court considered a similar argument to the one Overby presents here.  Prior arguments defending the Minnesota Nominee Vacancy Statute cited *Public Citizen, Inc. v. Miller*, 813 F. Supp. 821 (N.D. Ga. 1993), *aff'd*, 992 F.2d 1548 (11th Cir. 1993) for support.  In *Public Citizen*, the State of Georgia held a general election on the congressionally mandated date in November, pursuant to Title 2, United States Code, Section 7.  The general election resulted in a plurality, such that a "failure to elect" actually resulted.  *Public Citizen*, 813 F. Supp. at 830.  And it was this failure to elect that triggered the special-election exception under the Federal Vacancies Provision resulting in a run-off election held by the State of Georgia after the November general election.

Here, the State of Minnesota cannot *invent* a failure to elect or *create* an exigent circumstance by refusing to certify the vote totals for Minnesota's Second Congressional District.  *See id.* ("A carefully crafted law that, by its sole design, invents a 'failure to elect' cannot be thought to create an 'exigent' circumstance.  This would unreasonably contort the word's definition, and allow any state to premeditate a complete avoidance of section 7's dictates . . . .").  There are "strong federal policy reasons" to have a uniform date for federal elections, pursuant to 2 U.S.C. § 7.  *Craig v. Simon*, 978 F.3d 1043, 1049 (8th Cir. 2020).  Even if it is theoretically possible that a truly "exigent" circumstance could allow for a state to cancel an election and produce a failure to elect, the death of a candidate, without more, is not such an exigent circumstance.  *See Craig*, 980 F.3d at 618 (citing *Busbee v. Smith*, 549 F. Supp. 494, 525 (D.D.C. 1982), *aff'd*, 459 U.S. 1166

7

(1983)).  Rather, any anticipated failure to elect a representative for Minnesota's Second Congressional District on November 3, 2020, was a direct consequence of the Minnesota Nominee Vacancy Statute.

For these reasons, the Minnesota Nominee Vacancy Statute is preempted by federal law.  Accordingly, Defendants' motion to dismiss is granted.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendants' motion to dismiss, (Dkt. 41), is **GRANTED**.

2. This case is **DISMISSED WITH PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated:  June 21, 2021                               s/ Wilhelmina M. Wright
                                                                                         Wilhelmina M. Wright
                                                                                         United States District Judge